**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-CR-20357-MOORE

UNITED STATES OF AMERICA,

v.

LONTRELL D. WILLIAMS,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendant Lontrell D. Williams' Motion to Dismiss Counts I and IV of the Government's Superseding Indictment and Incorporated Memorandum of Law (ECF No. 78). The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge (ECF No. 36). The Government filed a Response in Opposition (ECF No. 91) and Defendant filed a Reply (ECF No. 95). Upon consideration of the Motion, Response, Reply and review of the record, the undersigned respectfully recommends that the Motion be **DENIED**, as follows.

**I.    BACKGROUND**

The charges against Defendant Williams arise from an alleged Hobbs Act Robbery involving Defendant, co-defendants Bobby Brown and Jayden Darosa, multiple unidentified passengers, and two victims. It is alleged that on October 9, 2020, Defendant and his co-defendants met with two victims from whom Defendants intended to purchase goods and narcotics, but instead robbed the victims, brandishing firearms and shooting both victims.[1]

---

[1] These facts are drawn from the criminal complaint filed June 3, 2021 (ECF No. 3).

Defendant Williams was initially arrested and charged by the State of Florida and held in state custody. Williams was federally charged by way of criminal complaint with conspiracy to commit Hobbs Act Robbery and Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a); and with discharge of a firearm in furtherance of that crime of violence, in violation of Title 18 United States Code Section 924(c) (ECF No. 3). On June 24, 2021, the grand jury returned an indictment charging Defendant and co-defendants with those crimes (ECF No. 11).

On August 10, 2021, the Government filed a Superseding Indictment (ECF No. 56) that is otherwise identical to the original Indictment but alleges a longer conspiracy to use, carry and possess firearms in furtherance of crimes of violence and drug trafficking crimes, spanning from almost a year before the Hobbs Act Robbery on October 9, 2020, and continuing another six months thereafter.[2] The Superseding Indictment charges Defendant with Conspiracy to Possess Firearms in Furtherance of Violent and Drug Trafficking Crimes, pursuant to 18 U.S.C. Section 924(o) (Count 1); conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. Section 1951(a) (Count 2); Hobbs Act Robbery, in violation of 18 U.S.C. Sections 1951(a) and 2 (Count 3); and Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. Sections 924(c)(1)(A)(iii) and 2 (Count 4).

Defendant now moves to dismiss two of those counts. Defendant contends first that Count 4 fails to allege that his discharge of a firearm was in furtherance of a crime of violence. Rather, he contends that it alleges only that the firearm was discharged during the *conspiracy* to commit a crime of violence as alleged in Count 2 and is thus defective, as a conspiracy cannot qualify as a crime of violence as that term is defined by 18 U.S.C. § 924(c)(3). Second, Defendant contends

---

[2] Count 1 of the original Indictment alleged that the crime of violence predicating the charge was the Hobbs Act Robbery that occurred on October 9, 2020, as charged in Count 3 of the Indictment.

that Count 1 fails to charge him with an enumerated predicate crime and its vagueness leaves him unable to prepare a defense.

## II. DISCUSSION

### a. Applicable Principles And Law

Fed. R. Crim. P. 7(c)(1) requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Under Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." A motion alleging a defect in the indictment must be raised before trial, unless the defect is regarding the district court's lack of jurisdiction or failure to state an offense, which may be brought at any time while a case is pending. *See United States v. Baxter*, 579 F. App'x 703, 705 (11th Cir. 2014) (citing Fed. R. Crim. P. 12(b)(3)(A)-(B)).

An indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id*. (quoting *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999)). A court must determine the sufficiency of an indictment from its face and "may not dismiss an indictment based on a determination of facts that should have been developed at trial." *Id*. (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)).

Indeed, the Eleventh Circuit has held that there is "no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *see also Salman*, 378 F.3d at 1268 ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency

of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."). An indictment that charges in the language of the relevant statute is sufficient "as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (quotation omitted).

### b. Count 4 Adequately Alleges a Predicate Crime of Violence

Defendant's Motion is predicated on a misreading of the Superseding Indictment. Count 4 charges that on or about October 9, 2020, Defendants:

> did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, that is, in violation of Title 18, United States Code, Section 1951(a), as charged in Count 3 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) **and 2**.

(ECF No. 56) (emphasis added). Defendant contends that the Count alleges, as the predicate crime of violence during which he allegedly discharged a firearm, a *conspiracy* to commit Hobbs Act Robbery. Relying on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant argues that "conspiracies no longer qualify as crimes of violence and cannot serve as predicates for § 924(c) convictions" (ECF No. 78 at 5 (citing *Davis*, 139 S. Ct. at 2333)). Indeed, the Eleventh Circuit has at least twice recognized *Davis* in finding that conspiring to commit Hobbs Act robbery did not qualify as a "crime of violence." *See Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019) (reversing denial of motion to vacate sentence); *see also Samson v. United States*, No. 19-11048, 2021 WL 1235698 (11th Cir. April 2, 2021).

Count 4 however, does not allege that the Defendant discharged the firearm in furtherance of a conspiracy, but rather, on its face alleges that the Defendants discharged the firearms in furtherance of a Hobbs Act Robbery, "as charged in Count 3" in the indictment. Defendant

4

acknowledges this allegation but further argues that Count 4 also cross references Count 2 of the indictment, which charges a conspiracy to commit Hobbs Act Robbery. Defendant contends that the words "**and 2**" at the conclusion of the statute citation is actually a cross-reference to Count "2" of the Superseding Indictment (ECF No. 78 at 3-4) ("the only logical interpretation of the alleged "and 2" is a reference to Count II of the Superseding Indictment"). In Response, the Government asserts that Defendant is incorrect in his reading of the Superseding Indictment and has failed to appreciate that Count 4 charges him under direct and indirect liability, as an aider and abetter, expressly pursuant to Title 18, United States Code, Section 2. Defendant replies that "the mere fact that Defendant and the Government interpreted the charge in two different ways signals that Count IV is poorly written and does not inform Defendant of the charges against him" (ECF No. 95 at 2). Not so.

Count 4 clearly charges Defendant of violating Title 18, United States Code, Section 924(c)(1)(A)(iii) and Title 18, United States Code, Section 2. Under Section 2, the government may prove a defendant's guilt of the substantive crime by proving that he took a requisite act and that he intended to facilitate that offense's commission, even without proof that he participated in each and every element of the offense. The Supreme Court has recognized that for indirect liability under Section 924(c), the government must prove that the defendant had advance knowledge that his co-conspirators would use or carry a firearm during the predicate crime. *See Rosemond v. United States*, 572 U.S. 65, 73 (2014); *see also Steiner v. United States*, 940 F.3d 1282, 1284 (11th Cir. 2019), cert. denied, 141 S. Ct. 320 (2020). Defendants are charged, in Count 4, under both direct and indirect theories of liability, and the inclusion of Section 2 in the citation sentence expressly so states.

Count 4 is not predicated on a charge of conspiracy as the crime of violence, but plainly alleges that the predicate crime of violence is the Hobbs Act Robbery alleged in Count 3. Hobbs Act Robbery qualifies as a predicate crime of violence under Section 924(c)(3)(A). *See In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016). The Motion thus has no merit and should be denied on this basis.

### c. Count 1 Adequately Pleads a Conspiracy

Defendant argues that Count 1 is defective as it alleges that Defendant conspired to possess a firearm in furtherance of violent and drug trafficking crimes but fails to charge him with either crime in Count 1. Defendant contends the Count lacks specificity and is vague, charging him with unspecified acts. In Response, the Government contends that a conviction under 18 U.S.C. Section 924(c) or (o) does not require the enumeration of a predicate offense (ECF No. 91 at 5) (citing *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005)). On Reply, Defendant contends that even if not required to name the predicate crimes of violence or drug trafficking crimes, this indictment lacks facts required for him to know what conduct he is charged with committing (ECF No. 95 at 3).

Count 1 charges that, from on or about December 11, 2019, through on or about May 30, 2021, the Defendants

> did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to use, carry, and possess firearms in furtherance of crimes of violence and drug trafficking crimes, offenses for which the defendants may be prosecuted in court of the United States, and to possess firearms in furtherance of such crimes, in violation of Title 18, United States Code, Section 924(c)(1)(A), all in violation of Title 18, United States Code, Section 924(o).

(ECF No. 56). The Eleventh Circuit has found that "[b]y its plain language, section 924 does not require that a defendant be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense." *Frye*, 402 F.3d at 1127.

6

In a case of first impression, the Eleventh Circuit analyzed in *Frye* whether a defendant can be found guilty under Section 924(c) when he had not been separately charged with or convicted of the predicate offense. The court held that a conviction under Section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense, only that it may be prosecuted. *Id.* at 1228. Thus, while Defendant's conviction will require the Government to *prove* the facts of the qualifying predicate crime, Count 1 of the indictment is not deficient for failing to *charge* him with it. *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) (recognizing possible claim for relief on successive petition to vacate where jury's general verdict left it "somewhat unclear which crime or crimes served as the predicate offense for [defendant's] § 924(o) conviction").

Defendant does not meaningfully dispute the indictment's sufficiency under *Frye*, and his Reply pivots to make a new argument that Count 1 lacks specific facts supporting the charges. (ECF No. 95 at 3) ("Although the Government may not be required to charge Defendant with the underlying drug trafficking crimes and crimes of violence alleged, the Defendant maintains that the count is facially deficient"). More specifically, he claims he is "left to guess when, where, and how the crime occurred." *Id.*

In Response, the Government disputes that it is "impossible" for Defendant not to know the nature of the charges because, the Government notes, it has filed various notices of intent to rely on evidence of related acts and such notices reveal the times, places and specific conduct presumably underlying the predicate acts. This Response misses the point entirely. Whether the Government has adequately propounded evidence on which it intends to rely to *prove* the crimes is a wholly separate question from whether the indictment is sufficient to inform Defendant of the charge against him. The Court should decline the invitation to evaluate the sufficiency of the

indictment by considering record evidence. "The sufficiency of a criminal indictment is determined from its face." *Critzer*, 951 F.2d at 307 (reversing order dismissing indictment where trial court erred by receiving and relying upon the Government's factual proffer supporting the allegations).

Similarly, the Court should decline Defendant's attempt to test the Government's ability to prove its case through this Motion. It is well-settled that a motion to dismiss an indictment does not provide for a pre-trial determination of the sufficiency of the evidence. *Salman,* 378 F.3d at 1268 (reversing trial court grant of motion to dismiss indictment); *see also* Fed. R. Crim. P. 12(b)(3)(B).

To avoid dismissal, the charging document "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *Sharpe,* 438 F.3d at 1263 (quotation marks omitted). Moreover, an indictment may be short and simple—its allegations are sufficient if they include all elements of the offense and briefly describe the facts of the commission of the offense. *United States v. deVegter*, 198 F.3d 1324, 1330 (11th Cir. 1999); *see also United States v. Fern,* 155 F.3d 1318, 1325 (11th Cir.1998) (indictment sufficient if factual allegations stated therein warrant inference that jury found probable cause for all elements of offense).

Count 1 alleges the elements of 18 U.S.C. Section 924(o). Specifically, Count 1 alleges the existence of a conspiracy to commit the substantive offense of using, carrying and possessing firearms in furtherance of crimes of violence and drug trafficking crimes, and that Defendant knowing of the agreement, willfully joined it. This includes all elements of the offense, tracking the language of the statute and citing the statute. *United States v. Brewton*, 659 Fed. Appx. 998, 1001 (11th Cir. 2016) (listing elements required to sustain a conviction under 18 U.S.C. § 924(o)).

This is sufficient. *See, e.g.*, *United States v. Adkinson*, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) ("An indictment need do little more than track the language of the statute charged to be sufficient."). Accordingly, the Motion to Dismiss Count 1 should be denied.

### III. RECOMMENDATION

Based on the foregoing, it is the Recommendation of the undersigned that Defendant's Motion (ECF No. 78) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, by October 25, 2021.[3] Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 21st day of October, 2021.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of Record

---

[3] A shortened objection period is appropriate as trial is scheduled to begin on October 25, 2021.