UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20357-CR-MOORE/LOUIS(s)

UNITED STATES OF AMERICA

vs.

LONTRELL WILLIAMS, JR.,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Lontrell Williams, Jr. (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges the defendant with Conspiracy to Possess Firearms in Furtherance of Violent and Drug Trafficking Crimes, in violation of Title 18, United States Code, Section 924(o).

2. The United States agrees to dismiss the remaining counts, as to this defendant, after sentencing.

3. The defendant is aware that the Court will impose the sentence after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to twenty years' (20) imprisonment, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment of one hundred dollars ($100) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

LW

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that the Court has not yet determined the sentence. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether under this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. The parties agree to recommend, although not binding on the Court, a sentence not to exceed ninety-seven (97) months.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the

United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the United States before entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant further agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violations.

11. The defendant further agrees to forfeit to the United States voluntarily and immediately all firearms or ammunition involved in or used or intended to be used in the offense.

12. The defendant also agrees to fully cooperate with the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and

appropriate documentation concerning said assets, including consents to forfeiture, quitclaim deeds and all other documents necessary to deliver good and marketable title to said property.

13. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.

14. The parties agree that the defendant shall be responsible for the payment of restitution to all eligible victims of the conspiracy charged in Count 1.

15. The defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that the Court may impose.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal how the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant

acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

17. Defendant recognizes that pleading guilty may have consequences concerning the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, many crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

18. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/4/22

By: _____ on behalf of
IGNACIO J. VÁZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 12/3/22.

By: _____

|  |  |
|---|---|
|  | BRADFORD M. COHEN, ESQ. |
|  | COUNSEL FOR DEFENDANT WILLIAMS, JR. |
| Date: 1/3/22 | By: _____ |
|  | LONTRELL D. WILLIAMS, JR. |
|  | DEFENDANT |