UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CR-20357-KMM-1

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

LONTRELL D. WILLIAMS,

     Defendant.

_____/

### DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

Defendant, LONTRELL D. WILLIAMS ("Defendant"), by and through the undersigned counsel, pursuant to 18 U.S.C. § 3143(a), hereby moves the Court to grant bail and release Defendant pending his sentencing. In support thereof, Defendant states the following:

1.     On June 24, 2021, the Government initiated the instant action against Defendant through the filing of its Indictment charging Defendant with: Count One – *Conspiracy to Possess Firearms in Furtherance of a Violent Crime*, in violation of 18 U.S.C. § 924(o); Count Two – *Hobbs Act Robbery Conspiracy*, in violation of 18 U.S.C. § 1951(a); Count Three – *Hobbs Act Robbery*, in violation of 18 U.S.C. § 1951(a); and Count Four – *Discharging a Firearm in Furtherance of a Crime of Violence*, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [ECF No. 11].

2.     On January 4, 2021, Defendant pleaded guilty to Count I of the Superseding Indictment which charges Defendant with *Conspiracy to Possess Firearms in Furtherance of Violent and Drug Trafficking Crimes*, in violation of 18 U.S.C. § 924(o). [ECF No. 152]. As part and parcel of Defendant's plea agreement, the Government agreed to dismiss the remaining counts

charged against Defendant after sentencing reducing Defendant's original potential incarceration from life imprisonment to a recommended maximum of 97 months (8 years). [ECF No. 153].

3.    Presently, Magistrate Judge Louis recommends that the Court accept Defendant's plea agreement [ECF No. 156] and Defendant now also awaits the completion of a presentence investigation and report.

4.    The function of bail is limited to assuring the presence of a defendant at trial thus a defendant's right to pretrial release under reasonable conditions is a fundamental right under both the Florida and federal Constitutions. *See Stack v. Boyle*, 342 U.S. 1 (1951). Requests for release of a defendant pending sentencing are governed by 18 U.S.C. § 3143.

5.    The provisions of 18 U.S.C. § 3143(a) govern the release of a defendant pending sentencing setting forth two tests. The first test. provides that a defendant "shall" be detained unless the defendant shows "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person." 18 U.S.C. § 3143(a)(1). The second test sets a more stringent standard for defendants convicted of certain serious offenses such as offenses for which the maximum sentence is life imprisonment or death. *See* 18 U.S.C. § 3143(a)(2). The first test is applicable here as Defendant faces a statutory maximum penalty term of imprisonment of up to twenty (20) years with no mandatory minimum period of incarceration and a recommendation from the Government that Defendant's sentence does not exceed eight (8) years. [ECF No. 153].

6.    Defendant is not likely to flee as he has no incentive to do so considering his plea agreement and extensive ties to the community.  Defendant's current standing before the Court is drastically different than when he was originally charged. Defendant's original charges carried a maximum term of imprisonment of life whereas he now pleads with the Court for bond on charges that carry a statutory penalty term of up to (20) years. Additionally, the Miami-Dade County state

case—forming the original basis for the federal charges against Defendant—was dismissed by the state court. Further, although Defendant maintains an active case in Tennessee, the undersigned contacted Defendant's counsel who advised that if this Court would release Defendant on bond, counsel is confident that Defendant would be able to set bond for his state case as well, with the same or similar conditions.

7.     Defendant maintains a well-known reputation as a rap music artist and looks forward to seeking treatment and atoning for his crimes so that he may continue the development of his career. He does not pose a danger to the community and to date, has been compliant and demonstrated respect for the rule of law highlighting his willingness to abide by any bond conditions the Court may impose. The examples above clearly demonstrate a change in Defendant's circumstance supporting his instant request for release on bond.

8.     Thus, Defendant suggests that this Court set a $1,000,000 10% cash bond with 24/7 monitoring, limited visitation, and treatment with a drug and alcohol treatment provider. Defendant is willing to remain within the Southern District of Florida at a pre-determined remote location for supervision. Defendant is also willing and prepared to hire off-duty police officers for continuous security until his sentencing.

9.     Other grounds to be argued *ore tenus*.

10.     The undersigned conferred with Assistant United States Attorney, Ignacio J. Vazquez, Jr., who expressed that the Government objects to this request.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order releasing Defendant on bond pending his sentencing.

[CERTIFICATE OF SERVICE FOLLOWS ON THE NEXT PAGE]

## <u>CERTIFICATE OF SERVICE</u>

THE UNDERSIGNED HEREBY CERTIFIES that the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and that a true and correct copy of this document has been served on all persons on the following Service List on January 12, 2021 either electronically in compliance with the Notice of Electronic Filing generated by CM/ECF or in some alternative manner for those parties who may not be permitted to receive to receive electronic filings via CM/ECF.

**COHEN & MCMULLEN, P.A.**
*Counsel for Defendant*
1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656
Email: service@floridajusticefirm.com

By: ___/S/ Bradford M. Cohen, Esq.____
    BRADFORD M. COHEN, ESQ.
    Florida Bar Number: 118176

## SERVICE LIST

**UNITED STATES OF AMERICA v. LONTRELL D. WILLIAMS**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA CASE NO.: 21-CR-20357-KMM-1**

**Saam Zangeneh, Esq.**
**Saam Zangeneh, P.A.**
14 N.E. 1st Avenue, Suite #300
Miami, Florida 33132
Telephone: (305) 441-2333
E-mail: saam@zangenehlaw.com
*Counsel for Defendant*

**Arielle Klepach, A.U.S.A.**
United States Attorney's Office
Southern District of Florida
99 Northeast 4th Street
Miami, FL., 33132
Office Tel: (305) 961-9001
E-mail: arielle.klepach@usdoj.gov

**Ignacio J. Vázquez, Jr., A.U.S.A.**
United States Attorney's Office
Southern District of Florida
99 Northeast 4th Street
Miami, FL., 33132
Office Tel: (305) 961-9318
E-mail: ignacio.vazquez@usdoj.gov

**William T. Zloch, A.U.S.A.**
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, FL. 33401
Office Tel: (561) 820-8711
E-mail: William.zloch@usdoj.gov