UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CR-20357-KMM-1

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LONTRELL D. WILLIAMS,

    Defendant.
_____/

## DEFENDANT'S MOTION TO CONTINUE SENTENCING

Defendant, LONTRELL D. WILLIAMS ("Defendant"), by and through the undersigned counsel, hereby requests that this Honorable Court grant a continuance of Defendant's sentencing presently scheduled for April 20, 2022, and in support thereof, states as follows:

1. On April 17, 2022, Defendant filed an Unopposed Motion to Allow Expert Witness to Appear via Zoom. [ECF No. 191]. Therein, Defendant informed the Court that he had retained the services of Dr. Michael Baden to testify at sentencing regarding the injuries sustained victim B.C. sustained on October 9, 2020. On April 18, 2022, the Court denied Defendant's Unopposed Motion to Allow Expert Witness to Appear via Zoom. [ECF No. 193].

2. Dr. Baden resides in New York and expressed concerns regarding travel due to the heightened level of COVID-19 cases this month resulting from new BA.2 subvariants of the COVID-19 Omicron variant in New York. Dr. Baden is advanced in age and thus, at high risk.

3. At this time, Defendant respectfully requests that the Court continue his sentencing to allow Defendant and Dr. Baden time to address the Court's Order [ECF No. 193]. The undersigned is currently exploring the alternative option of Dr. Baden preparing a report for the Court to consider at sentencing in lieu of live testimony.

4. The Court "has the discretion 'to determine the kinds and form of information it will consider' to hand down the appropriate sentence." [ECF No. 193] (citing *United States v. Milian*, 649 F.App'x 805, 807 (11th Cir. 2016)). However, Defendant urges the Court to consider Dr. Baden's testimony as it indispensable and consequential to the determination of Defendant's sentencing guidelines.

5. The Government's presentation of evidence against Defendant is inconsistent with the actual course of events. For example, during Defendant's pre-trial Detention Hearing, Detective Elio Garcia testified that the alleged victims, B.C. and J.S., did not change their testimony. [ECF No. 20]. We now know that not to be true based on the direct contradictions in the witness statements. The Government also claimed that neither of the victims were armed with a firearm on October 20, 2020. [ECF No. 27]. We also know that there is evidence that refutes that claim of the Government. Images of J.S.'s vehicle obtained at the scene indicate a Taurus firearm box with J.S.'s name and phone number on it like he had just purchased it. In addition to the firearm, a Remington 9mm cartridge box was also found. Notably, the cartridge box was missing more than half of the cartridges. J.S. also testified that B.C. had a firearm in the bag he entered Defendant's vehicle in. But, to this day, the Government still contends that there is no evidence that the alleged victims had firearms. (*See* Government's response to co-defendant Bobby Brown's objections to the PSI filed on April 18, 2022) [ECF No. 192].

6. Further, Defendant objected to the claim made in paragraph 27 of the PSR, which identified him as the individual who shot B.C. The undersigned informed Defendant's probation officer that both ballistics and forensic evidence substantiating that Defendant did not fire a weapon on October 9, 2020, would be presented at sentencing. [ECF No. 187-1]. Relying on this, the probation officer determined that "as the undersigned officer will be presented with the above

evidence at sentencing, contemporaneously with the Court, the undersigned officer defers to the Court's interpretation of defense's findings." [ECF No. 187-1]. Accordingly, Defendant's objection was left unresolved and to be addressed at sentencing based on further evidence, including Dr. Baden's testimony. [ECF No. 187-1]. Similarly, Defendant also objected to paragraph 32 of the PSR in opposition to the Government's contention that "during the robbery, the defendant was sitting in the McLaren, pointed his firearm at B.C., and demanded that B.C. provide the shoes." [ECF No. 187-1]. Once again, the probation officer deferred "to the government's findings, and presentations at the sentencing hearing regarding this matter. The defendant's objection is noted; however, remains unresolved at this time." [ECF No. 187-1].

7. Moreover, in its response to Defendant's objections to the PSR, the Government disregarded Defendant's factual objections to the nature of the alleged conspiracy and events at Bay Harbor, indicating that "the evidence that will be submitted at the Sentencing Hearing" will address Defendant's objections. [ECF No. 185].

8. Defendant and the Government disagree not only as to the Government's factual representations made thus far, most of which have been disproven by evidence, but also Defendant's sentencing guidelines. Defendant objected to the characterization of the October 9, 2020 incident as a robbery while the Government maintains that "the defendant's participation in the October 9, 2020 incident also exposes him to the robbery or alternative guideline range for the shooting of both victims." [ECF No. 185].

9. Defendant has been diligent in addressing the contents of the PSR, responding to objections, and collecting evidence for his sentencing. Defendant has made every effort to hire experts to address his factual objections as well as experts to evaluate the PSR and sentencing guidelines. Thus, Defendant would be greatly prejudiced if sentencing was to proceed on April 20,

2022 without the ability to present evidence supporting Defendant's factual objections and recommendation for sentencing guidelines. The potential harm to Defendant resulting from the denial of a continuance at this point in time greatly outweighs any inconvenience to the Government.

10. This motion is made in good faith and not for purposes of delay and no party will be harmed by granting the requested relief.

11. <u>Local Rule 7.1(A)(3) Certification</u>: In accordance with Local Rule 7.1(A)(3), and pursuant to the undersigned's communications with the Government, it is expected that the Government would oppose this Motion because of previous witness travel arrangements the Government coordinated.

12. The Southern District of Florida Local Rules allow this Honorable Court to grant a continuance in this matter pursuant to Rule 7.6 and permit that this Motion be filed unaccompanied by a memorandum of law. S.D. Fla. L. Rule 7.1(a)(1)(g).

**WHEREFORE,** the undersigned counsel respectfully requests that this Honorable Court grant this unopposed Motion to re-set the upcoming hearing scheduled for April 18, 2022 to a later date convenient for the Court.

                                        Respectfully submitted,

                                        **COHEN & MCMULLEN, P.A.**
                                        *Counsel for Defendant*
                                        1132 SE 3rd Avenue
                                        Fort Lauderdale, Florida 33316
                                        Telephone: (954) 523-7774
                                        Facsimile: (954) 523-2656
                                        Email: service@floridajusticefirm.com

                                        By:   /S/ Bradford M. Cohen, Esq.
                                                BRADFORD M. COHEN, ESQ.
                                                Florida Bar Number: 118176

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and that a true and correct copy of this document has been served on all persons on the following Service List on April 18, 2022 either electronically in compliance with the Notice of Electronic Filing generated by CM/ECF or in some alternative manner for those parties who may not be permitted to receive to receive electronic filings via CM/ECF.

                **COHEN & MCMULLEN, P.A.**
                *Counsel for Defendant*
                1132 SE 3rd Avenue
                Fort Lauderdale, Florida 33316
                Telephone: (954) 523-7774
                Facsimile: (954) 523-2656
                Email: service@floridajusticefirm.com

                By: /S/ Bradford M. Cohen, Esq.
                   BRADFORD M. COHEN, ESQ.
                   Florida Bar Number: 118176

## SERVICE LIST

### UNITED STATES OF AMERICA v. LONTRELL D. WILLIAMS
### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA CASE NO.: 21-CR-20357-KMM-1

**Saam Zangeneh, Esq.**
**Saam Zangeneh, P.A.**
14 N.E. 1st Avenue, Suite #300
Miami, Florida 33132
Telephone: (305) 441-2333
E-mail: saam@zangenehlaw.com
*Counsel for Defendant*

**Arielle Klepach, A.U.S.A.**
United States Attorney's Office
Southern District of Florida
99 Northeast 4th Street
Miami, FL., 33132
Office Tel: (305) 961-9001
E-mail: arielle.klepach@usdoj.gov

**Ignacio J. Vázquez, Jr., A.U.S.A.**
United States Attorney's Office
Southern District of Florida
99 Northeast 4th Street
Miami, FL., 33132
Office Tel: (305) 961-9318
E-mail: ignacio.vazquez@usdoj.gov

**William T. Zloch, A.U.S.A.**
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, FL. 33401
Office Tel: (561) 820-8711
E-mail: William.zloch@usdoj.gov